# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 24-59926-LRC |
| TORRENCE DENTRELL CHANEY, ) | |
| ) | CHAPTER 7 |
| Debtor. ) | |
| ) | |
| TAMARA MILES OGIER as Chapter 7 ) | |
| Trustee, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | CONTESTED MATTER |
| ) | |
| TORRENCE DENTRELL CHANEY, ) | |
| ) | |
| Respondent. ) | |

## OBJECTION TO DEBTOR'S AMENDED CLAIM OF EXEMPTIONS

Tamara Miles Ogier as Chapter 7 Trustee (the "Trustee") objects to the Debtor's Claim of Amended Exemptions as set forth in his Amended Schedule C as follows:

1.

Torrence Dentrell Chaney (the "Debtor") commenced this Chapter 7 proceeding on September 20, 2024.

2.

Notice of Appointment of Tamara Miles Ogier as Trustee was entered on the docket on September 20, 2024. The 341 Meeting of Creditors was concluded on November 26, 2024.

3.

On December 30, 2024, the Debtor filed his Amended Schedule C (Doc No. 14) taking an amended exemption in a personal injury claim listed on his Schedule A/B filed September 20, 2024.

4.

Specifically, the Debtor has claimed an amended exemption in the "Possible Personal Injury claim (money owed to debtor)" (the "Claim") in the amount of $10,000 pursuant to O.C.G.A. § 44-13-100(a)(11)(D).

5.

The Trustee objects to the amended exemptions claimed pursuant to O.C.G.A. § 44-13-100(a)(11)(D) as, [a] "debtor may not exempt the portion of his claim which represents his actual pecuniary loss (in the form of medical expenses). See *In re Haga*, 48 B.R. 492, 494 (Bankr.E.D.Tenn.1985) (interpreting an identical Tennessee statutory exemption). Also, the portions of the debtor's claim allocable to property damage are not exempt. See *In re Territo*, 36 B.R. 667 (Bankr.E.D.N.Y.1984) (interpreting the federal exemption, § 522(d)(11)(D))." *In Re Geis*, 66 BR 563 (NDGa., 1986) Drake, J.  Additionally, pain and suffering is not entitled to any exemption under O.C.G.A. 44-13-100(a)(11)(D). Thus, the Debtor has the burden of proving what portion, if any, of an injury settlement can qualify under (a)(11)(D) as "on account of bodily injury."

6.

Therefore, the Trustee objects to the amended exemption taken by the Debtor in his Amended Schedule C pursuant to O.C.G.A. §44-13-100(a)(11)(D), and seeks that the amended exemption claimed under this code section be disallowed in its entirety.

WHEREFORE, the Trustee respectfully requests that the Court:

(1) Enter an Order sustaining the objection set forth herein;

(2) Enter an Order disallowing the Debtor's amended exemption taken in the Claim pursuant to O.C.G.A. §44-13-100(a)(11)(D) in its entirety; and

(3) Grant such other and further relief as the Court deems just.

                          OGIER, ROTHSCHILD & ROSENFELD, P.C.

                    By:   /s/ *Allen Rosenfeld*
                          Allen Rosenfeld
                          Georgia Bar No. 614451

P.O. Box 1547
Decatur, Georgia 30031
(404) 525-4000
apr@orratl.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 24-59926-LRC |
| TORRENCE DENTRELL CHANEY, ) | |
| ) | CHAPTER 7 |
| Debtor. ) | |
| ) | |
| TAMARA MILES OGIER as Chapter 7 ) | |
| Trustee, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | CONTESTED MATTER |
| ) | |
| TORRENCE DENTRELL CHANEY, ) | |
| ) | |
| Respondent. ) | |

**NOTICE OF HEARING**

**PLEASE TAKE NOTICE** that Tamara Miles Ogier, as Chapter 7 Trustee, has filed Objection to Debtor's Amended Claim of Exemptions (the "Objection") and related papers with the Court seeking an order disallowing the Debtor's amended exemption taken in the "Possible Personal Injury claim (money owed to debtor)" (the "Claim") pursuant to O.C.G.A. §44-13-100(a)(11)(D) in its entirety,

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the Objection at **10:15 AM** on **February 27, 2025** in **Courtroom 1204**, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303, which may be attended in person or via the Court's Virtual Hearing Room. You may join the Virtual Hearing Room through the "Dial-In and Virtual Bankruptcy Hearing Information" link on the judge's webpage, which can also be found on the Court's website. Please also review the "Hearing Information" tab on the judge's webpage for further information about the hearing. You should be prepared to appear at the hearing via video, but you may leave your camera in the off position until the Court instructs otherwise. Unrepresented persons who do not have video capability may use the telephone dial-in information on the judge's webpage.

Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in these pleadings or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleadings with the Clerk at the address stated below, but you are not required to do so. If you file

a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk before the hearing. The address of the Clerk's Office is: Clerk, U.S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

This the 22nd day of January, 2025

                           OGIER, ROTHSCHILD & ROSENFELD, P.C.

                    By:   /s/ *Allen Rosenfeld*
                            Allen Rosenfeld
                            Georgia Bar No. 614451

P.O. Box 1547
Decatur, Georgia 30031
(404) 525-4000
apr@orratl.com

# **CERTIFICATE OF SERVICE**

This is to certify that I have on this day electronically filed the foregoing *Objection to Debtor's Amended Claim of Exemptions* and *Notice of Hearing* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

- **Office of the United States Trustee**    ustpregion21.at.ecf@usdoj.gov
- **Howard D. Rothbloom**    howard@rothbloom.com, silvia@rothbloom.com;5487@notices.nextchapterbk.com

I further certify that on this day I caused a copy of this document to be served via U.S. Mail by depositing the same in the United States Mail, postage prepaid and addressed to the following:

Torrence Dentrell Chaney
6251 Mathews Drive
Lithonia, GA 30058

This the 22nd day of January, 2025

                                  OGIER, ROTHSCHILD & ROSENFELD, P.C.

                                  By:    /s/ *Allen Rosenfeld*
                                          Allen Rosenfeld
                                          Georgia Bar No. 614451

P.O. Box 1547
Decatur, Georgia 30031
(404) 525-4000
apr@orratl.com